NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff - Appellant,<br><br> v.<br><br>QIANA LEE ROUBIDEAUX, a/k/a<br>Quiana Lee Roubideaux,<br><br>   Defendant - Appellee. | No. 09-30064<br><br>D.C. No. 2:08-cr-00143-EFS-1<br><br>MEMORANDUM [*] |

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Argued and Submitted November 5, 2009
Seattle, Washington

Before: ALARCÓN, KLEINFELD and CLIFTON, Circuit Judges.

The government appeals from an order granting Roubideaux's motion to suppress evidence seized during a warrantless search of his automobile and backpack. We have jurisdiction over this appeal pursuant to 18 U.S.C. § 3731, and we reverse.

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

We review de novo a district court's determination of whether probable cause existed for the search of a vehicle, including its trunk. United States v. Alvarez, 899 F.2d 833, 836, 839 (9th Cir. 1990) "Probable cause exists if, under the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found in a particular place." Id. (internal quotation omitted); see also United States v. Ross, 456 U.S. 798, 825 (1982) ("If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search"). In determining whether the officers had probable cause, we must examine the evidence in the record in a "common-sense and realistic manner." United States v. Crozier, 777 F.2d 1376, 1380 (9th Cir.1985).

Under the totality of the circumstances in this case, sufficient evidence justified the warrantless search of Roubideaux's car and backpack. Roubideaux was illegally parked in an area Deputy Smith knew was used for drug consumption and prostitution. When searching Roubideaux's person, Deputy Smith found $5,700 in cash in Roubideaux's sock. Roubideaux's explanation for having that quantity of cash on him was implausible: telling Deputy Smith that he had no job; that the $5,700 was, in part, payment for work he did for a transient alcoholic; and that he did not know the address or any other contact information for this person. On a further search of

2

Roubideaux, Deputy Smith found a small "user's quantity" of marijuana hidden in Roubideaux's pants, and noticed two air fresheners wedged around the car's control panels. Deputy Smith testified that, according to his experience and training, air fresheners are used to mask drug use and the presence of drugs, and also that individuals who traffic in controlled substances carry large amounts of cash.

If taken separately, the individual pieces of evidence known to the police before searching Roubideaux's car might be easily explained away. However, "[i]n determining the existence of probable cause we must look to the totality of the circumstances," U.S. v. Hoyos, 892 F.2d 1387, 1393 (9th Cir. 1989), giving consideration to the experience of trained law enforcement. U.S. v. Arrellano-Rios, 799 F.2d 520, 523 (9th Cir. 1986); see also U.S. v. Gil, 58 F.3d 1414, 1418 (9th Cir. 1995) ("[O]bservations of conduct consistent with drug trafficking, even though apparently innocuous, can give rise to probable cause."). Here, considering the totality of the circumstances—the location where Roubideaux was illegally parked, the amount of money found in his sock, his dubious explanation for having it, his possession of marijuana, and the knowledge and experience of the police—there was a fair probability that evidence or fruits of a crime would be found in the car, including the trunk. The very large amount of hidden cash late at night in

3

Roubideaux's sock, and his implausible explanation, were hard to understand among the other circumstances except as a reasonably probable indication of further evidence of a crime in the car. Therefore, the district court erred in suppressing the evidence obtained from Roubideaux's car.

**REVERSED and REMANDED.**